**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **DALE JUSTICE, FELIX MATTHIESSEN, ROHAN ZACHARIAH,** )))))  | |
| *Plaintiffs,* ) | **Case No.**  7:19cv62 |
| ) | |
| **-vs-** ) | **JURY DEMAND** |
| ) | |
| ) | |
| **WOODS ROGERS PLC. and LEAH STIEGLER,** )) | |
| ) | |
| *Defendants.* ) | |

---

## COMPLAINT

---

COME NOW THE PLAINTIFFS, DALE JUSTICE, FELIX MATTHIESSEN, AND ROHAN ZACHARIAH and sue the Defendants, WOODS ROGERS PLC., and LEAH STIEGLER and would state unto the Court as follows:

### I.
### Introduction

1.      The Plaintiffs, Dale Justice, Felix Matthiessen and Rohan Zachariah make up the musical group known as The Dale Justice Band. Mr. Matthiessen is a foreign national and citizen of Sweden. Mr. Zachariah is a foreign national and citizen of India. Mr. Justice is a citizen of the United States and was the Petitioner on behalf of both Mr. Matthiessen and Mr. Zachariah for O-1 and O-2 nonimmigrant visas. They bring this action for compensatory and consequential damages arising out of the Defendants' legal

malpractice and breach of contract which currently leaves Mr. Zachariah subject to a three year bar from re-entering the United States; and Mr. Matthiessen is required to depart the United States in order to re-enter under a different non-immigrant status due to the flaws of the initial I-129 filing. However, the fundamental flaws in Mr. Matthiessen's application have opened him up to a potential life-time bar from re-entering the United States.

## II.
## Jurisdiction

2.      This United States District Court has jurisdiction of this action and over the parties pursuant to 28 U.S.C. § 1332, in that Plaintiffs Rohan Zachariah and Felix Matthiessen are foreign nationals and citizens of India and Sweden, Plaintiff Dale Justice is a citizen of Smyrna, Tennessee, and the two Defendants are citizens of Roanoke, Virginia.

3.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 in that this is the judicial district in which one of the parties reside, and a substantial part of the acts or omissions giving rise to the claim occurred within this judicial district.

## III.
## Parties

4.      Plaintiff, Dale Justice, is an adult citizen of Smyrna, Tennessee.

5.      Plaintiff, Rohan Zachariah, is an adult citizen of India.

6.     Plaintiff, Felix Matthiessen, is an adult citizen of Sweden.

7.     Defendant, Woods Rogers PLC., is a professional limited liability company that was formed under the laws of the State of Virginia. This Defendant operates a law office at 10 S. Jefferson Street Suite 1400, Roanoke, Virginia 24011. Its registered agent for service of process within the state of Virginia is Mark D. Loftis, who may be served at 10 S. Jefferson Street Suite 1400, Roanoke, Virginia 24011.

8.     Defendant Leah M. Stiegler, is an adult citizen and resident of Roanoke, Virginia, and is an attorney licensed to practice in the State of Virginia. At all times relevant, Ms. Stiegler was an attorney employed by Woods Rogers PLC., and was acting in the course and scope of her agency as an employee of this defendant.

## IV.
## Facts

9.     Dale Justice is a citizen of the United States and is the founder, band leader and vocalist of the band, The Dale Justice Band ("The Band"). He retained  Ms. Stiegler to represent him as Petitioner in filing immigration benefits for Mr. Zachariah and Mr. Matthiessen.

10.     In 2015, Mr. Justice, Mr. Zachariah and Mr. Matthiessen formed the Dale Justice Band.

11.     In 2017, the Band produced its first mainstream album and it was at that time that Mr. Justice offered full-time employment to Mr. Zachariah and Mr. Matthiessen. The intended period of employment offered was March 1, 2018 until March 1, 2020.

12.     In October 2017, the Band sought legal counsel with Woods Rogers PLC. and specifically with Leah Stiegler to represent them and to explore options for pursuing legal nonimmigrant status to allow Mr. Zachariah and Mr. Matthiessen to work legally in the United States.

13.     Time was a critical factor for Mr. Zachariah because his F-1 student visa Optional Practical Training ("OPT") period was due to expire on October 30, 2017. This gave him only a 60 day grace period until December 30, 2017  within which to change his status. This meant that any application for Mr. Zachariah needed to be filed with USCIS on or before December 30, 2017.

14.     Mr. Matthiessen's OPT period was due to expire on February 5, 2018, giving him a 60 day grace period until April 6, 2018 within which to change his status. This  meant that any application for Mr. Matthiessen needed to be filed with USCIS on or before April 6, 2018.

15.     Ms. Stiegler represented herself to Mr. Justice, Mr. Zachariah and Mr. Matthiessen as an attorney who was knowledgeable and experienced in the area of immigration law, and specifically with O-visas.

16.     During the first meeting with Ms. Stiegler, the Plaintiffs informed her that they were interested in the most prudent and expeditious method of acquiring a change of status to allow Mr. Zachariah and Mr. Matthiessen to legally work in the United States.

17.     Ms. Stiegler advised the Plaintiffs that there were two options for Mr. Zachariah and Mr. Matthiessen, either a P visa, or an O visa. Initially, she stated that her recommendation was that the Plaintiff's pursue a P-1B visa, which is for an individual who is a member of an entertainment group that has been recognized internationally.

18.     Ms. Stiegler advised the Plaintiffs that she would confirm with her supervisor Anthony Monioudis, regarding which visa would be most appropriate for their particular situation.

19.     Ms. Stiegler asked for more information regarding the music industry, the Band's booking agency Seasons, and whether Dale Justice Band was a sole proprietorship.

20.     October 16, 2017, Ms. Stiegler advised the Plaintiffs that their best course of action would be to apply for an O-1B visa for Mr. Zachariah, and an O-2 visa, (which is used for "accompanying support personnel") for Mr. Matthiessen.

21.     She advised that the P visa was not appropriate, because she felt that in order to apply for a P-visa the Band would have had to provide evidence that it was "internationally recognized".

22.     The evidence required to demonstrate international recognition for the P-visa is the same as the O-visa. However, the standard of review, regarding international recognition, is a lower standard in the case of a P-visa. Thus, making the P-visa a better choice in the Band's situation.

23.     Having no further contact from Ms. Stiegler after the email from October 16, 2017, and with the clock ticking for Mr. Zachariah, Mr. Justice sent Ms. Stiegler another email inquiring about the filing of the immigration application.

24.     Ms. Stiegler replied by email on October 23, 2017:

> Thanks for reaching out. My apologies in not getting back sooner - it has been a wild week! I think the best way to proceed forward is to simply let you all handle your own preparation. Since you have met with a few attorneys and you have all the materials you need to compile for the O-1 then I think it will save you money to simply do that work yourself. If, after compiling all the necessary supporting documentation and filing out the I-140, you want me to write your "company support" letters and appropriately compile and reference the supporting documentation, then I would be happy to do that and file on your behalf. The lowest price I could possibly do this for would be about $1,500 per application and that does not include the filing fee-- Thus you would still be looking at around $2,000 per application. I understand this is above your requested budget but I spend a fair amount of time on these matters to ensure that they are both ethically and thoroughly written and compiled. This would not include any follow-up work should the USCIS request supporting documentation, but I could always do that on an hourly basis. Again, I understand that you may wish to proceed through another source and so I wish you the best as I hope to see your band succeed!
>
>
> Leah

25.     In her email on October 23, 2017, Ms. Stiegler instructed the Plaintiffs to fill out an I-140 application, which is completely the wrong form.

26.     In obedience to Ms. Stiegler's advice, and in order to obtain the two O-visas, Mr. Justice, Mr. Zachariah and Mr. Matthiessen handled their own preparation of the recommended form. They were never given a document list by Ms. Stiegler, and lacking any professional guidance, simply gathered anything that they thought was relevant for their case.

27.     Ms. Stiegler talked to the Plaintiffs about obtaining a union letter. However, she admitted that she did not know whether any labor union organizations existed for the music industry.

28.     During the discussions regarding the union letter, Ms. Stiegler gave the Plaintiffs the impression that they would have to join a union, in order to obtain the needed union letter for their application; something the band did not want to do.

29.     Ms. Stiegler apparently did not know that on the USCIS website, there is an address index for I-129 O and P Consultation Letters. She also apparently did not know about the American Federation of Musicians (AFM), which is listed on the USCIS website, as the only union in existence specifically for musicians. And she did not know or understand the process the AFM utilizes to issue a consultation letter, otherwise known as a union letter.

30.    The union letter is a fundamental requirement from USCIS for all I-129 O visa applications. Obtaining the union letter is a rather simple process, as explained on their website, which includes sending AFM the following documents:

- Completed AFM questionnaire.

- Cover letter explaining who the musicians are, where they are from, and what qualifies them as culturally unique or internationally renowned.

- Copy of the completed USCIS Form I-129.

- Copies of any written contracts between the petitioner and the alien beneficiary, including what wages will be earned; or, if there is no written contract, a summary of the terms of the oral agreement under which the alien(s) will be employed.

- Copy of the itinerary for appropriate employment period.

- Support materials such as reviews, CD covers, programs, etc. which establishes the group or instrumental artist. Support materials must feature the instrumentalists.

- Corporate check, cashier's check or money order for $250.

31.    It was Ms. Stiegler's duty to explain the process for obtaining the union letter, and had she effectively explained this process then the Plaintiffs would have complied.

32.    Furthermore, Ms. Stiegler told the Plaintiffs they would need to establish a formal entity in order for the Band to serve as Petitioner, or otherwise obtain an agent/representative. Neither of these conditions are necessary or required by USCIS.

33.     In fact, had Mr. Justice, as Petitioner, created a formal legal entity for the band, and made the band members owners of the entity (per Ms. Stiegler's advice), this would have complicated the process by making the Plaintiffs beneficiaries of the petitioning entity, i.e. the band.

34.     Ms. Stiegler also told the Band they would need to obtain an FEIN number otherwise known as a tax ID number; however, the USCIS imposes no such requirement .

35.     The Plaintiffs gathered any information they believed to be relevant regarding their music careers. They were provided with  no legal guidance by Ms. Stiegler regarding what they should gather. In the absence of such advice, they turned to their industry friends who had gone through the same process, and were left to guess as to what documents Ms. Stiegler would need in order to file the I-129 applications.

36.     Still concerned about fees being charged by the Defendants for legal services and the USCIS application, and their apparent inexperience in such matters, Plaintiffs inquired about seeking legal counsel in Los Angeles.

37.     Ultimately, the Plaintiffs decided to utilize the services of Ms. Stiegler, and on December 18, 2017, they met with her in person. They signed the engagement letter and gave Ms. Stiegler all of the documents that they previously discussed in correspondence on October 23, 2017.

38.     Ms. Stiegler was out of the office from December 26, 2017 through January 1, 2018.

39.     Mr. Zachariah's OPT grace period status expired on December 30, 2017.

40.     No substantive legal work on the I-129 applications for Mr. Zachariah and Mr. Matthiessen began until January of 2018, well after the deadline passed for Mr. Zachariah to legally change his status with USCIS.

41.     Knowing that the deadline had passed for Mr. Zachariah, the Plaintiffs repeatedly asked Ms. Stiegler when the application would be filed, not understanding that Mr. Zachariah's petition was already doomed.

42.     Ms. Stiegler requested a few more documents and clarification on some of the documents submitted. She even asked the Plaintiffs if they could obtain a copy of one of their friend's O-1 packets to use a template.

43.     Ms. Stiegler simply wrote the support letter, organized the accompanying documentation and filed the I-129 packet.

44.     Ultimately, the I-129 Application for O-1B and O-2 visas for Mr. Zachariah and Mr. Matthiessen were filed with USCIS on February 22, 2018, almost two months after Mr. Zachariah was considered out of status.

45.    On May 21, 2018, the Plaintiffs received a Request for Evidence ("RFE") from USCIS for Mr. Matthiessen and Mr. Zachariah. The Response for each RFE was due August 16, 2018.

46.    The RFE for Mr. Zachariah was nine pages long,  and broke down all of the missing and insufficient evidence submitted by Ms. Stiegler in the original I-129 application. One notable deficiency was the representation that Mr. Zachariah was only a "good student", and not at the top of his field.

47.    The RFE for Mr. Matthiessen, was four pages in length, and broke down all of the missing and insufficient evidence submitted by Ms. Stiegler in the original I-129 application. Most notably the RFE stated there was no evidence to support the claim that Mr. Matthiessen worked for Mr. Zachariah; nor was there an explanation of his role in setting up his drum equipment. The RFE stated the evidence submitted, "falsely stated that he was a guitarist for the Band".

48.    The most significant issue with Mr. Matthiessen's O-2 application was the fact that Ms. Stiegler falsely claimed Mr. Matthiessen was Mr. Rohan's drum technician. Mr. Matthiessen has always been the main guitar player for the Band. But to confuse the issue Ms. Stiegler claimed he was Mr. Rohan's drum tech in the application and the cover letter, but submitted conflicting evidence demonstrating that he was the guitar player.

49.     Ms. Stiegler framed the basis for the O-2 application for Mr. Matthiessen around the erroneous fact that he was Mr. Zachariah's drum technician; however, she submitted no evidence whatsoever to support this claim  of that fact and was proven to be untrue.

50.     Upon receipt of the two RFE's, the Plaintiffs immediately contacted Ms. Stiegler. She told the Plaintiffs that she could not help them and they needed to seek alternate counsel.

51.     In June 2018, the Plaintiffs met with immigration specialist Michael C. Smallbone, Esq. in Franklin, Tennessee to discuss the RFE's. Mr. Smallbone is a specialist in O-visas, he informed the Plaintiffs of the catastrophic errors that had been made in their I-129 O-visa filing.

52.     Mr. Smallbone assisted Mr. Zachariah and Mr. Matthiessen answer the Request for Evidence, and filed a "Nunc Pro Tunc" request with USCIS, on August 16, 2018.

53.     On October 2, 2018, USCIS denied Mr. Zachariah and Mr. Matthiessen's I-129 application's for O-1B and O-2 immigrant visas.

54.     As a proximate and foreseeable result of Ms. Stiegler's actions and omissions both Mr. Zachariah and Mr. Matthiessen are out of status. Mr. Zachariah is facing a three (3) year bar from re-entering the United States. And Mr. Matthiessen is potentially facing a lifetime bar from re-entering the United States.

55.     As a consequence of the Defendants' actions, the Plaintiffs have suffered financial devastation including the loss of a U.S. tour with a recognized artist, Shooter Jennings and the 357's that was to start in June 2018. They have also forfeited their negotiations with Colter Wall for a tour in January 2019, as well as an opening act engagement with an artist, Tim Bolo. Furthermore, they were regularly employed at a venue knowns as Layla's Honky Tonk, playing approximately four shows per month.  The Dale Justice Band is now incapable of playing any shows or committing to any future shows or tour dates in the United States because Mr. Zachariah and Mr. Matthiessen do not have work authorization. Likewise, they are incapable of promoting their first album as well as incapable of committing to creating their second album.

56.     Mr. Zachariah departed the United States on November 27, 2018 because he was no longer able to reside in the United States legally.

57.     Mr. Matthiessen and Mr. Justice are scheduled to depart the United States on January 27, 2019, as Mr. Matthiessen is no longer able to reside in the United States after March 31, 2019.

58.     The Band has had to put their careers on hold in the United States as a consequence of Ms. Stiegler's ineffective counsel, her complete lack of knowledge, and the false statements she made on their applications. They are now forced to start their careers over in Europe for the time being, starting from the bottom and working their way up once again.

59.     The Band also faces the reality that if they are ever allowed to return to the United States, they will have to start from the beginning again in their immigration process because they have now forfeited once-in-a-lifetime opportunities.

60.     In addition, the Plaintiffs have suffered, and continue to suffer disruption of their personal lives, extreme emotional hardship, mental anguish, humiliation and embarrassment.

### V. Causes of Action

### Legal Malpractice

61.     Plaintiffs incorporate by reference herein ¶¶ 1 through 60, and further allege as follows.

62.     An attorney who undertakes representation of a client is required to execute the business entrusted to their professional management with a reasonable degree of care, skill and dispatch.

63.     The relationship of attorney-client existed between Dale Justice, Rohan Zachariah, Felix Matthiessen and Woods Rogers PLC.

64.      The relationship of attorney-client existed between Dale Justice, Rohan Zachariah, Felix Matthiessen and Leah Stiegler.

65.    Each of the Defendants owed a duty to provide legal representation with a reasonable degree of care, skill and dispatch.

66.    The Defendants' conduct as set forth herein constitutes a neglect of their duties, as well as reckless or careless disregard of their professional obligations owed to the Plaintiffs and entitles the Plaintiffs to recovery of actual damages.

67.    Ms. Stiegler clearly did not have the requisite knowledge or experience needed to sufficiently handle an O-1 and O-2 visa applications.

68.    Ms. Stiegler did not understand the USCIS requirements for the O-visa applications as demonstrated by her repeated insistence that the Band incorporate or form some sort of legal entity, obtain an FEIN number and obtain an agent, neither of which are required by the USCIS.

69.    Ms. Stiegler also did not have the requisite knowledge or experience with obtaining the fundamental union letter. She lacked any understanding of the American Federation of Musicians or its protocol; nor did she have the requisite knowledge or understanding regarding how to obtain a needed union letter from the AFU.

70.    Ms. Stiegler also negligently and carelessly mispresented facts on the O-2 application and support letter regarding Mr. Matthiessen, which will likely now have

detrimental effects on his ability to gain immigration benefits, and may also potentially bar him forever from entering the United States.

71.     Ms. Stiegler completely missed the filing date for Mr. Zachariah. She demonstrated a complete lack of understanding or appreciation of the significance of this filing deadline.

72.     As a proximate result of the Defendants' breach of their duties, the Plaintiffs have suffered damages for which they are entitled to judgment.

**Breach of Contract**

73.     Plaintiffs incorporate by reference herein ¶¶ 1 through 72, and further allege as follows.

74.     The Defendants contracted with the Plaintiffs to provide competent, legal representation in securing lawful O-status in the United States. The Defendants owed the Plaintiffs at all time a duty of good faith and fair dealing.

75.     The Defendants completely failed to perform their part of this bargain.

76.     The Defendants' actions and omissions as set forth herein constitute a breach of contract.

77.     The scope of representation, as set in the December 18, 2017, retainer agreement between the Plaintiffs and the Defendants, states the Defendants would give "advice and counsel regarding the filing of these petitions and the overall process with USCIS."

78.     Ms. Stiegler breached this contractual duty and promise by failing to provide the Plaintiffs with the correct information, and misinforming them that they could still file after Mr. Zachariah's PTO expired. Furthermore, Ms. Stiegler failed to provide the Plaintiffs with accurate advice and counsel regarding the filing of these petitions.

79.     As a consequence of the Defendants' breach of contract, the Plaintiffs have incurred compensatory, consequential, and incidental damages for which they are entitled to judgment.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1.      That they be allowed to file this complaint and that process issue to the Defendants, Woods Rogers PLC. and Leah Stiegler, requiring them to answer within the time required by law;

2.      That a jury of six be empaneled to hear and try all issues of fact in this case;

3.     That at the final hearing in this case the Plaintiffs have and recover judgment against the Defendant, WOODS ROGERS PLC., for compensatory damages in the amount of $21,990;

4.     That the final hearing in this case the Plaintiffs have and recover judgment against the Defendant LEAH STIEGLER, for compensatory damages in the amount of $21,990;

5.     That at the final hearing in this case the Plaintiffs have and recover judgment against the Defendant WOODS ROGERS PLC., for consequential damages in the amount of $246,151.42.

6.     That at the final hearing in this case the Plaintiffs have and recover judgment against the Defendant LEAH STIEGLER., for consequential damages in the amount of $246,151.42.

7.     That the Plaintiffs have and recover such further and general relief as to which they may be entitled, including attorney's fees and costs for this case.

Respectfully submitted,

 CRAIN | SCHUETTE ATTORNEYS

*/s Larry L. Crain*
Larry L. Crain,
TN BPR # 9040
VA # 25597
5214 Maryland Way, Suite 402
Brentwood, TN  37027
Tel.  615-376-2600
Fax. 615-345-6009
Larry@CSAFirm.com

*Attorney for the Plaintiffs*